**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6399**

---

SYLVESTER RICHARDSON,

        Plaintiff – Appellant,

    v.

WARDEN TRACY RAY; OFFICER J. BELLAMY; OFFICER INGLE; CAPTAIN MCCOY; LIEUTENANT DAY; OFFICER A. YAUNCE; OFFICER MULLINS, (Officer Mullins #2 who wears glasses); OFFICER BELCHER,

        Defendants – Appellees,

    and

OFFICER B. MULLINS, (Officer Mullins #1); OFFICER SCOTT; OFFICER BOYD,

        Defendants.

---

**No. 12-6593**

---

SYLVESTER RICHARDSON,

        Plaintiff – Appellant,

    v.

WARDEN TRACY RAY; OFFICER J. BELLAMY; OFFICER INGLE; CAPTAIN MCCOY; LIEUTENANT DAY; OFFICER A. YAUNCE; OFFICER MULLINS, (Officer Mullins #2 who wears glasses); OFFICER BELCHER,

        Defendants – Appellees,

and

OFFICER B. MULLINS, (Officer Mullins #1); OFFICER SCOTT;
OFFICER BOYD,

                    Defendants.

                    _____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   James C. Turk, Senior
District Judge; Robert Stewart Ballou, Magistrate Judge.
(7:10-cv-00078-JCT-RSB)

                    _____

Submitted:  July 19, 2012                Decided: August 1, 2012

                    _____

Before KING, GREGORY, and DUNCAN, Circuit Judges.

                    _____

No. 12-6399: dismissed; No. 12-6593, affirmed by unpublished per
curiam opinion.

                    _____

Sylvester A. Richardson, Appellant Pro Se.   John Michael
Parsons, Assistant Attorney General, Richmond, Virginia, for
Appellees.

                    _____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester A. Richardson appeals from the district court's grant of summary judgment to Defendants in his 42 U.S.C. § 1983 (2006) suit (No. 12-6593). He also appeals from the denial of his discovery request (No. 12-6399). We have reviewed the record and the district court's order and considered Richardson's arguments, and we affirm the grant of summary judgment substantially for the reasons stated by the district court. See Richardson v. Ray, No. 7:10-cv-00078-JCT-RSB (W.D. Va. Mar. 21, 2012).

In addition, we note that Richardson raised a claim that prison officials retaliated against him by writing false disciplinary charges against him. It appears that Richardson was in fact convicted of these charges because, in his grievances, he sought to have the "charge" overturned and his privileges reinstated. Neither the district court nor the Defendants addressed this claim.

Nonetheless, we find that Richardson's allegations were insufficient to state a claim. First, he asserted that he was charged and punished for covering the window on his cell. However, he admits that he did, in fact, cover the window in order to take a "bird bath." Richardson presented no support for his claim that he was permitted to cover his window in such a situation. Moreover, he could and should have presented his

claims that the charges against him were false at his disciplinary hearing. He provides no details of the hearing, does not assert that it was not conducted in accordance with due process, and does not state whether he appealed. Absent some evidence or claim that his disciplinary conviction was improperly obtained, Richardson's assertions that the initial charge was false cannot state a claim. See Moore v. Plaster, 266 F.3d 928, 931-33 (8th Cir. 2001) (retaliatory-discipline claim may proceed where disciplinary action is not supported by "some evidence"); Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that, so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, does not state a claim).

Next, turning to No. 12-6399, Richardson appeals from the denial of his discovery motion, seeking a videotape of a 2007 incident where he was extracted from his cell and challenging the validity of a 2009 videotape that was produced during discovery. Richardson filed his notice of appeal prior to entry of a final order in the district court.

We may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). When a notice of appeal is premature, the jurisdictional defect can be

4

cured if the district court enters a final judgment prior to our consideration of the appeal under the doctrine of cumulative finality. Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992). However, not all premature notices of appeal are subject to the cumulative finality rule; instead, this doctrine applies only if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005). Appeals from "clearly interlocutory decision[s]" like "discovery ruling[s] or . . . sanction[s]" cannot be saved under cumulative finality. Id. at 288. Here, because Richardson appeals the district court's order denying his discovery requests, the cumulative finality rule cannot apply and Richardson's appeal is therefore interlocutory. Accordingly, we dismiss the appeal in No. 12-6399.

However, Richardson filed a notice of appeal from the final order, thereby permitting appeal of all preliminary orders. Although Richardson only challenges the discovery rulings in his informal brief in No. 12-6399, liberally construing his pro se filings, we will consider his challenges to the discovery rulings on the merits.

We afford "substantial discretion to a district court in managing discovery and review discovery rulings only for

abuse of that discretion." <u>United States ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002). "A district court abuses its discretion only where it has acted arbitrarily or irrationally, has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." <u>L.J. v. Wilbon</u>, 633 F.3d 297, 304 (4th Cir.) (internal quotation marks and alterations omitted), <u>cert. denied</u>, 132 S. Ct. 757 (2011).

Here, Richardson's requests for the 2007 tape and for further investigation into the 2009 tape were unsupported. Any claims arising from the 2007 incident were clearly barred by the statute of limitations, and Richardson failed to demonstrate how viewing the 2007 tape would shed light on the validity of the 2009 tape. Further, Richardson's challenge to the validity of the 2009 tape was conclusory and unsupported. Given the nature of Richardson's request and the deferential standard of review, we find no reversible error.

Accordingly, we affirm the grant of summary judgment as well as the denial of Richardson's discovery requests. We dismiss the appeal in No. 12-6399 as interlocutory. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED (No. 12-6593);
DISMISSED (No. 12-6399)

7